DUNCAN BUILDING AND LOAN ASSOCIATION, PLAINTIFF, v. LIVERPOOL, LONDON AND GLOBE INSURANCE COMPANY ET AL., DEFENDANTS.

Argued May 1, 1934—Decided September 8, 1934.

Before Justices LLOYD, CASE and DONGES.

For the plaintiff, *Henry Ewald, Sr.,* and *Mark Sullivan.*

For the defendants, *Joseph T. Lieblich.*

The opinion of the court was delivered by

DONGES, J. Application is made for the retaxing of costs in five cases in this court, in which the applicant is plaintiff and the respondents are defendants. *Cum. Supp. Comp. Stat.* 1925-1930, *p.* 730.

Respondents were the owners of a property damaged by fire and brought suits against the insurance companies to recover their damage. Shortly after these suits were brought, the plaintiff, being a mortgagee of the properties, brought five separate suits against the same insurance companies and joined the owners as co-defendants in each of the five suits. When these last five cases were moved for trial, plaintiff moved Judge Ackerson to consolidate the actions. No such order was made. The cases were, however, joined for purposes of trial and were heard together.

During the trial, which resulted in directed verdicts in favor of the defendants-respondents and in verdicts for plaintiff against the insurance companies in each of the five suits, motion was made by counsel for the companies that plaintiff mortgagee be allowed one taxed bill of costs, as if the suits were consolidated. Judge Ackerson dictated in the record a stipulation as follows:

"After argument counsel have agreed among themselves that the question of costs shall be disposed of in the following manner, that the plaintiff shall be entitled to but one set of costs as though the cases were consolidated but that the order of consolidation will not be pressed under those circumstances, plus, of course, the actual disbursements of the other four cases of this group."

Counsel for the plaintiff now insists that the defendants Ferro, owners, are bound by this stipulation. Counsel for Ferros insists he took no part in the discussion and is not bound by the stipulation.

The stipulation does not, by its terms, include the Ferros. It relates to costs as between the plaintiff and the insurance companies. Since Ferros recovered a judgment in each case, and since plaintiff saw fit to bring five separate suits and to improperly, as the verdict shows, make them parties to each suit, and inasmuch as no stipulation or other reason appears why they should not have their costs, it follows that they are entitled to have costs taxed in each case.

Under section 6 of the Practice act of 1912 the plaintiff might have brought one suit against all of the defendants.

The application is denied, without costs.